# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3071 (07 CR 211) | **DATE** | 7/20/2010 |
| **CASE TITLE** | UNITED STATES OF AMERICA v. KIRK ACREY | | |

**DOCKET ENTRY TEXT**

Defendant's motion pursuant to 28 U.S.C. § 2255 [1] is denied. SEE BELOW FOR DETAILS.

*Suzanne B. Conlon*

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Kirk Acrey was sentenced to 150 months in prison for distribution of crack cocaine. The sentence imposed was 112 months below the undisputed advisory guideline range. Nevertheless, on appeal, Acrey argued he should have received a sentence of 120 months, the mandatory minimum, because he has diabetes. According to Acrey, his diabetes constitutes an extraordinary physical impairment under U.S.S.G. § 5H1.4. In dismissing Acrey's appeal, the Seventh Circuit found that it was "patently frivolous" to argue that a sentence so greatly reduced from the low end of the applicable guideline range was unreasonable. *United States v. Acrey*, 330 Fed. Appx. 621, 622 (7th Cir. 2009).

Acrey now collaterally attacks his sentence under § 2255 because his counsel was purportedly ineffective. He complains that counsel failed to argue that his medical condition required a departure to the minimum mandatory sentence. The record clearly demonstrates the frivolity of Acrey's attack on his counsel. She vigorously advocated – and obtained – a significantly below guideline sentence based in part upon Acrey's diabetic problems; she supported her argument with an extensive brief and documentation. Acrey had strong, effective and diligent counsel.

In addition, Acrey complains his counsel failed to argue that his criminal history calculation was in error because he was sentenced for three prior offenses on the same day. The presentence report, counsel for both parties and the court correctly counted all three convictions in Acrey's criminal history because the three offenses involved different criminal conduct with intervening arrests and separate charging documents. The fact that one of the convictions was a marijuana misdemeanor has no substantive effect on the calculation of criminal history under U.S.S.G. § 4A1.2. More importantly, the record shows counsel effectively and

| | Courtroom Deputy Initials: | air |
|---|---|---|

successfully argued that Acrey's criminal history was overstated and convinced the court not to sentence him as a career offender.

The record demonstrates that Acrey's ineffectiveness of counsel claims manifestly lack merit. Accordingly, his § 2255 motion is denied.

*Suzanne B. Conlon*